Darryl G. HASSAN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–627 L.

United States Court of Federal Claims.

June 8, 1998.

R. Raymond Arthur, Natchitoches, Louisiana, for plaintiff.

Thomas L. Halkowski, Washington, DC, Environmental & Natural Resource Division, U.S. Department of Justice, for defendant.

## OPINION & ORDER

SMITH, Chief Judge.

Plaintiff Darryl G. Hassan originally brought his claim against Merrick Construction Company and the Louisiana Department of Transportation and Development (DOTD) in Louisiana state court on October 13, 1994. Plaintiff claimed that Merrick and the DOTD, by entering on his property with heavy equipment and altering the course of the Cane River, committed trespass and tortious damage and affected an unconstitutional taking of his private property. In its answer Merrick explained that it "only did what [it was] told to do." Merrick asserted that any liability to plaintiff lies with the Army Corps of Engineers and/or the DOTD.

Merrick joined the Army Corps of Engineers (the Corps) which then removed the case to federal district court on January 22, 1996. Merrick and the United States then moved to dismiss the United States. With the DOTD as sole remaining defendant, plaintiff then had the case remanded back to Louisiana state court. The DOTD asserts that Plaintiff settled with Merrick, but did not include DOTD in those settlement negotiations.

The DOTD filed a third-party complaint against the United States and the U.S. Army Corps of Engineers alleging that the United States, not the DOTD, committed the acts described in plaintiff's complaint. The United States again removed the suit to federal district court on July 19, 1997. The district

court dismissed the trespass and tortious damage claims against the United States because the United States is immune from such claims when engaged in flood control. The remaining takings claim for approximately $50,000 was transferred to the United States Court of Federal Claims which has exclusive jurisdiction over such claims under the Tucker Act. The record is unclear as to the present status of plaintiff's claim against the DOTD.

 This case was transferred here because the gravamen of the case appeared to involve an alleged taking of plaintiff's land by the United States. Plaintiff's amended complaint, however, filed with this court pursuant to RCFC 84(a)(2) on May 20, 1998, names as defendants The State of Louisiana Department of Transportation and Development and the United States. This court lacks jurisdiction to hear claims against the State of Louisiana or its agencies except where the state or its agencies acted as agents of the United States. That does not appear to be the case here.

Furthermore, in this case plaintiff wishes to preserve and pursue his claims against the Louisiana DOTD in federal district court in Louisiana. Accordingly, in the interest of justice, to the extent such claims against the state of Louisiana were transferred here by the United States District Court for the Western District of Louisiana, those claims are transferred back to the district court pursuant to 28 U.S.C. § 1631. This will ensure that if plaintiff does have a valid claim against the state of Louisiana it will not be lost into a jurisdictional twilight zone.

 The district court, of course, has jurisdiction to determine any defenses the state of Louisiana would have, including that the action was the responsibility of the federal government. Only if such a defense by the state was successful would this court have jurisdiction in this case. At that point this court would have to determine whether a valid claim against the United States existed. This jurisdictional posture is a complementary aspect to those cases where, in a taking, the federal government defends on the basis that the state actually took the property. In those cases our court has the initial jurisdic-

tion and only if we accept the defense may we transfer the case to the district court.

According to RCFC 41 and pursuant to plaintiff's wishes as stated in papers filed with the court and during the June 5, 1998 status conference, plaintiff's takings claim against the United States in this court is hereby dismissed without prejudice.

IT IS ORDERED as follows:

1. To the extent plaintiff's claims against the state of Louisiana were transferred here by the United States District Court for the Western District of Louisiana, those claims are transferred back to the district court pursuant to 28 U.S.C. § 1631.

2. Plaintiff's takings claim against the United States in this court is hereby dismissed without prejudice.