Ashwani GOEL, Plaintiff,

v.

UNITED STATES, Defendant.

No. 04–131–C.

United States Court of Federal Claims.

Nov. 5, 2004.

Ashwani Goel, Oakwood Village, Ohio, pro se.

James D. Colt, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, and Todd M. Hughes, Assistant Director, Commercial Litigation Branch, Washington, D.C.

### OPINION AND ORDER

LETTOW, Judge.

This case was filed by Mr. Goel in response to what he viewed as a violation of a confidentiality agreement between him and the federal government after he informed government agencies of misconduct by his employer. The government's breach of this agreement allegedly led to plaintiff's firing. Although Mr. Goel brings five claims before the court, three are more significant than the others. First, he alleges that the government breached an implied contract resulting in his discharge from his employment. Second, he alleges a breach of the government's fiduciary duty to keep his identity confidential. Lastly, he claims that he was denied employee protection guaranteed under two statutes, 8 U.S.C. § 1324b(a)(5) and 8 U.S.C. § 1182(n)(2)(C)(iv), as well as under a memorandum of understanding between the Immigration and Naturalization Service ("INS") and the Employment Standards Administration of the Department of Labor ("ESA"). Compl. preamble and ¶¶ 1, 7.[1] The government has moved to dismiss the plaintiff's claims under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and the court held a hearing on that motion on October 18, 2004.

### BACKGROUND

Mr. Goel is an American citizen who worked for Indotronix International Corporation ("IIC"), a company that placed temporary foreign workers into positions with U.S. enterprises, from July 1994 to November 2000. Compl. ¶ 1. Mr. Goel's primary responsibilities involved preparing and filing H–1B visa petitions and immigrant visa petitions for these foreign workers.[2] *Id.* During the course of his employment, he became convinced that his employer was filing false petitions and evading payroll taxes, and he refused to work on certain petitions. *Id.* IIC allegedly harassed, intimidated, and retaliated against Mr. Goel. These actions led Mr. Goel to complain to the INS, the Department of Labor, and the Office of Special Counsel for Immigration–Related Unfair Employment Practices within the Civil Rights Division of the Department of Justice. *Id.* When Mr. Goel spoke to the INS, he was allegedly promised that his name would be kept confidential, but INS officials contacted him at his place of employment and "took employer

---

1. Mr. Goel also claims that negligent or willful acts of the government violated the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and that the government has deprived him of due process of law and denied him equal protection of the law. Compl. preamble and ¶¶ 1, 6–7.

2. "H–1B" petitions refer to applications filed under a provision of the Immigration and Nationality Act, Section 101(a)(15)(H)(i)(b), as amended, 8 U.S.C. § 1101(a)(15)(H)(i)(b), which authorizes an alien to come to the United States temporarily to perform services in a specialty occupation. *See Shah v. Wilco Sys., Inc.*, 126 F.Supp.2d 641, 643 n. 1 (S.D.N.Y.2000).

documents" from him. *Id.* ¶¶ 2, 5. IIC subsequently fired Mr. Goel. *Id.*

Mr. Goel filed this suit on January 30, 2004, seeking $632,125 for lost wages and additional compensatory damages, Compl. ¶ 3, and the government subsequently filed its motion to dismiss for lack of subject matter jurisdiction and failure to state a claim under RCFC 12(b)(1) and 12(b)(6).

## ANALYSIS

### Standard for Decision

Plaintiff bears the burden of proving the court's subject matter jurisdiction to consider his claims. *See McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Ware v. United States,* 57 Fed.Cl. 782, 784 (2003). In determining whether jurisdiction exists, federal courts must accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Courts hold complaints filed by persons appearing *pro se* to less rigorous standards than are applied to formal pleadings prepared by counsel. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). "As [is] often done with *pro se* plaintiffs, the court searches the record to see if plaintiff has a cause of action somewhere displayed." *Boyle v. United States,* 44 Fed.Cl. 60, 62 (1999) (internal citations omitted).

Jurisdiction in this court over a claim against the United States requires both a waiver of sovereign immunity and the statement of a claim within the scope of that waiver. *See United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003). Such waiver must be " 'unequivocally expressed.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). The Tucker Act, 28 U.S.C. § 1491, constitutes a general waiver, but it must be accompanied by a source of substantive law that can " 'fairly be interpreted as mandating compensation by the Federal Government for the damages

sustained.' " *United States v. Mitchell,* 463 U.S. 206, 217, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (quoting *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). *See also White Mountain Apache,* 537 U.S. at 473, 123 S.Ct. 1126 ("While the premise to a Tucker Act claim will not be 'lightly inferred' ... a fair inference will do."); *Fisher v. United States,* 364 F.3d 1372, 1377 (Fed.Cir.2004). In other words, the government must owe plaintiff a "money-mandating duty," meaning that when the government breaches such a duty, it is obliged to compensate the plaintiff.

### Subject Matter Jurisdiction

The government contests this court's subject matter jurisdiction to hear all but one of Mr. Goel's claims.

1. *Tortious breach of fiduciary duty.*

Mr. Goel claims that the government has breached its fiduciary duty to him by revealing his identity. Claims of breaches of fiduciary duty may invoke a wide array of substantive bodies of law, and this court has jurisdiction over many of them. *See, e.g., Wolfchild v. United States,* 62 Fed.Cl. 521, 538–39 (2004) (recognizing that this court has jurisdiction over a breach of a trustee's fiduciary duty). However, when a claim of breach of fiduciary duty rests on tort law, this court does not have jurisdiction because such a claim exceeds the scope of the congressional waiver in the Tucker Act, which limits the claims this court can hear to those founded upon the federal Constitution, laws, regulations, contracts, or "for liquidated or unliquidated damages in cases *not sounding in tort.*" 28 U.S.C. § 1491(a)(1) (emphasis added). Disclosure of confidential information is a common example of a breach of fiduciary duty dependant upon tort principles. *See, e.g., Restatement (Second) of Torts* § 874 note (1979). In that regard, Mr. Goel's complaint explicitly avers that "[d]efendant committed [the] *tort* of breach of fiduciary duty towards informant confidentiality." Compl. ¶ 5 (emphasis added). Because the alleged breach of fiduciary duty in this case invokes tort law, it must be dismissed.

### 2. Breach of statutory duty.

■ Mr. Goel also alleges that the government violated 8 U.S.C. § 1324b(a)(5), which states that "[i]t is also an unfair immigration-related employment practice for a person or other entity to intimidate, threaten, coerce, or retaliate against any individual ... because the individual intends to file or has filed a charge or a complaint ... under this section," and 8 U.S.C. § 1182(n)(2)(C)(iv), which similarly provides that employers are prohibited from intimidating or threatening an employee who reports employer violations. These statutes entrust the investigation of complaints and the enforcement of violations to the Attorney General and the Secretary of Labor. Section 1182(n)(2)(A) provides that "[c]omplaints may be filed by any aggrieved person or organization," but the investigation of the complaint is initially the responsibility of the Secretary of Labor. If the Secretary finds a failure to comply with requirements of the immigration laws, he or she shall notify the Attorney General of the failure to comply and may impose civil monetary penalties and apply other types of administrative remedies. 8 U.S.C. § 1182(n)(2)(C). For these purposes, intimidation, retaliation, or discharge of employees for reporting alleged violations constitutes a failure by an employer to comply. 8 U.S.C. § 1182(n)(2)(C)(iv). Thus, an employee who *is subjected to retaliatory actions as a result* of reporting alleged violations may be a complainant under Section 1182(n)(2) and may trigger an investigation by the Secretary of Labor. If the aggrieved employee is dissatisfied with the outcome of the Secretary's proceedings, he or she may seek review in federal district court once the administrative proceedings have been exhausted. *See Shah,* 126 F.Supp.2d at 648. "Nothing in either [Sections 1182(n) or 1342b] indicates that Congress intended to provide a private right of action in federal court [against the retaliating employer] to enforce violations of Sections 1182(n) or 1324b in the first instance."

*Id.* For the same reasons, the statutes do not provide a private right of action against the federal government based on a failure by the government to penalize an employer for taking retaliatory actions against an employee. *See Shah,* 126 F.Supp.2d at 653 (holding that plaintiffs have no private right of action against the government for failing to take enforcement steps against employers who allegedly violate Section 1182(n)). This claim also must be dismissed.[3]

### 3. Breach of a memorandum of understanding.

■ Mr. Goel argues that the government failed to satisfy its obligations under a memorandum between the INS and the ESA. Compl. ¶ 8. The memorandum, dated November 23, 1998, was designed to coordinate the efforts of the Departments of Justice and Labor to reduce the employment of unauthorized workers in the United States. *See* Memorandum of Understanding Between the Immigration and Naturalization Service, Department of Justice, and the Employment Standards Administration, Department of Labor (Nov. 23, 1998), *available at* www.dol. gov/esa/whatsnew/whd/mou/nov98mou.htm ("Memorandum of Understanding"), at 2. The government argues both that the court lacks jurisdiction over this claim under RCFC 12(b)(1) because the government does not owe plaintiff a money-mandating duty under the Memorandum and that the claim should be dismissed under RCFC 12(b)(6) because Mr. Goel has not alleged that he was a party to the agreement or a third-party beneficiary. Def.'s Mot. to Dismiss at 4, 6. The Memorandum of Understanding has a limited scope: "this MOU clarifies the enforcement roles and responsibilities of each agency in areas of shared authority, ensures more efficient use of resources, reduces duplication of effort, and improves communica-

---

**3.** Mr. Goel may have a retaliatory-discharge claim against his employer in state court. *Cf. Arres v. IMI Cornelius Remcor, Inc.,* 333 F.3d 812, 813–15 (7th Cir.2003) (holding that the federal remedies for employer retaliation under 8 U.S.C. § 1324b(a)(5) do not preempt state retaliatory discharge claims, with the caveat that "[w]hether persons ... are entitled to implement private understandings of federal immigration policy, free from any risk to their status within the firm, is a question of federal law alone.").

tion and appropriate coordination between the agencies." Memorandum of Understanding at 2. It engenders no private rights, and the government does not owe a money-mandating duty to plaintiff based upon the Memorandum. This claim must be dismissed on those grounds.[4]

### Failure To State A Claim Based Upon A Contract Implied In Fact

This court has subject matter jurisdiction over Mr. Goel's claim for breach of a contract implied in fact. Nonetheless, the government moves to dismiss this claim for failure to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss at 4–5. Mr. Goel contends that his communications with representatives of government agencies, most likely the INS, gave rise to a contract implied in fact. He alleges he provided the agencies with information about his employer in exchange for protection against employer intimidation and retaliation. "Defendant breached the implied contract by having failed to protect [him] against employer intimidation and retaliation including discharge." Compl. ¶ 3. This alleged breach seemingly included both acts of omission, such as the failure to prosecute offenses committed by his employer, and commission, such as the contacts made by INS officials with Mr. Goel at his employer's place of business. A contract with the government arises only if three elements are met: (1) mutual intent to contract, including an unambiguous offer and acceptance; (2) consideration; and (3) a government representative who had actual authority to bind the govern-

ment. *See La Van v. United States*, 382 F.3d 1340, 1346 (Fed.Cir.2004). Mr. Goel alleges no facts to show an unambiguous offer and acceptance of protection. Furthermore, Mr. Goel has not endeavored to allege or show that the governmental officials with whom he communicated had authority to bind the government. Mr. Goel's claim of breach of contract accordingly fails to state a claim upon which relief could be granted and is dismissed.

### CONCLUSION

The court lacks power to address Mr. Goel's claims. The government's motion to dismiss is granted. The Clerk's Office is directed to enter judgment dismissing the case. No costs.

It is so ORDERED.

4. Mr. Goel also claims that the government deprived him of due process of law and equal protection under the law. Mr. Goel does not specify which protected interest—property or liberty—is implicated. His due process claim appears to stem from the government's alleged failure to act on his numerous complaints for several years. Compl. ¶ 6. His equal protection claim alleges that the government's failure to act on his claim and breach of confidentiality agreement was motivated by his race, national origin, or color. Compl. ¶ 7. Neither the Due Process Clause nor Equal Protection Clause imposes on government a money-mandating duty. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995); *Achenbach v. United States*, 56 Fed.Cl. 776, 777 n. 1 (2003). The typical remedy for due process and equal protection violations is not monetary

relief, but injunctive relief, and that remedy typically is sought in a federal district court under that court's general federal question jurisdiction. *See Bernard v. United States*, 59 Fed.Cl. 497, 502 (2004). This court has no jurisdiction over due process or equal protection claims that are not tied to money-mandating duties.

Mr. Goel further avers that the government violated the Federal Tort Claims Act by committing negligent and willful acts. Jurisdiction to hear tort claims stemming from the conduct of federal government officials while acting within the scope of their employment is exclusively granted to federal district courts under the Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b). The Tucker Act bars jurisdiction in this court over such claims. 28 U.S.C. § 1491(a)(1) (first sentence).