James D. **BULLOCK**, Plaintiff,

v.

**UNITED STATES**, Defendant.

No. 07–871C.

United States Court of Federal Claims.

May 27, 2008.

---

James D. Bullock, Anthony, TX, pro se.

Carrie A. Dunsmore, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Brian Simkin, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

The plaintiff, James D. Bullock, seeks an order directing the United States Bureau of Prisons (the "Bureau") to transfer him from his current place of incarceration at Federal Prison Camp LaTuna ("LaTuna") in Anthony, Texas to the Butner Medical Facility (the "Butner facility") in North Carolina. Compl. at 12. The government has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and argues that this Court lacks subject matter jurisdiction over Mr. Bullock's claim. For the reasons stated below, the government's motion is granted.

## BACKGROUND

Mr. Bullock filed his complaint in this case on December 13, 2007, claiming that the Bureau wrongfully assigned him to the LaTuna facility because of his race and alleging that the Bureau has refused his requests to be transferred to the Butner facility, where he could receive necessary medical care and where visitation by his family would be possible. Compl. at 1.

Specifically, Mr. Bullock claims that he was assigned to LaTuna because he is African American and that his assignment was intended to help "racially balance" the inmate population at that facility. Compl. at 12. He claims that such an assignment was wrongful because it violates Bureau policy to assign an inmate to a facility more than 500 miles from his home and because the desired racial balancing could be achieved by assigning to LaTuna other prisoners whose homes are more geographically proximate to that facility. *Id.*

In support of his complaint, Mr. Bullock submitted his own unsworn affidavit and "exhibits of the exhaustion of administrative remedy" as proof that he had previously sought redress within the Bureau's system through every available channel and had failed to obtain adequate relief. Compl. at 1. Included among the submitted exhibits are a Request to Staff, which Mr. Bullock filed at LaTuna on March 28, 2007, and a Request for Administrative Remedy, which he submitted on April 17, 2007. *Id.* at 3–4. Both requests seek redress for abusive and discriminatory treatment by a Bureau employee. *Id.* When the Bureau failed to respond to Mr. Bullock's grievance, he filed an administrative appeal, which was denied on June 5, 2007. *Id.* at 7. Mr. Bullock subsequently filed an additional appeal on June 22, 2007, and resubmitted an amended Request for Administrative Remedy on August 2, 2007, apparently to no avail.

Because he was unable to obtain a satisfactory outcome through Bureau's internal adjudicative processes, Mr. Bullock filed this case seeking judicial review of the Bureau's disposition of his discrimination and wrongful assignment claims, alleging that he is justified in seeking such review because he has exhausted his administrative remedies within the Bureau. The only remedy Bullock seeks is an order "specifically recommending that [the Bureau] place [him] at Butner." Compl. at 12.

## JURISDICTION

"Jurisdiction must be established as a threshold matter before the court may proceed with the merits of this or any other action." *OTI America, Inc. v. United States,* 68 Fed Cl. 108, 113 (2005) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). "Should the court find that it lacks subject matter jurisdiction to decide a case on its merits, it is required either to dismiss the action as a matter of law or to transfer it to another federal court that would have jurisdiction." *Travelers Indem. Co. v. United States,* 72 Fed.Cl. 56, 59–60 (2006) (citing *ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868); *Thoen v. United States,* 765 F.2d 1110, 1116 (Fed.Cir.1985); *Gray v. United States,* 69 Fed.Cl. 95, 102–03 (2005)).

As the plaintiff, Mr. Bullock bears the burden of establishing by a preponderance of the evidence that this court has subject matter jurisdiction over his case. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988); *see McNutt v. General Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In determining whether it has subject matter jurisdiction over a particular case, the court must accept as true the facts asserted in the complaint and must also "draw all reasonable inferences in favor of the plaintiff." *Goel v. United States,* 62 Fed.Cl. 804, 806 (2004) (citing *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995)).

The Tucker Act waives the federal government's sovereign immunity for "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Act alone, however, is insufficient to grant subject matter jurisdiction. To invoke that jurisdiction, a claimant must also demonstrate the existence of a substantive right that is enforceable against the United States and entitles the claimant to money damages. *United States v. Mitchell,* 463 U.S. 206, 217–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

*Pro se* claimants are held to a somewhat more relaxed standard of pleading than that which is applied to pleadings prepared by counsel. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, even *pro se* claimants must distinctly and affirmatively plead subject matter jurisdiction within their complaints. *See Henke,* 60 F.3d at 799.

■ Mr. Bullock's claim that Bureau officials wrongfully assigned him to the LaTuna facility sounds in tort. *See* Compl. at 1–3, 11, 12. Under the Tucker Act, this Court lacks power to hear such claims. *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997) (citing 28 U.S.C. § 1491(a)). "Jurisdiction to hear tort claims [against the federal government] is exclusively granted to the United States District Courts under the Federal Tort Claims Act." *McCauley v. United States,* 38 Fed.Cl. 250, 264 (1997) (citing 28 U.S.C. § 1346(b)). This court therefore does not have jurisdiction over Mr. Bullock's claims of wrongful assignment.

■ Mr. Bullock also alleges racially motivated discrimination and mistreatment by the Bureau. Insofar as this assertion might be viewed as a due process or equal protection claim, it is insufficient to invoke the subject matter jurisdiction of this court because such claims are not money-mandating. *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir.1988) (citing *United States v. Testan,* 424 U.S. 392, 401–02, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)); *see also Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir. 1997); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995).

■ Moreover, the only form of remedy Mr. Bullock seeks is an order "specifically recommending that [the Bureau] place [him] at Butner" rather than his current place of incarceration at LaTuna. Compl. at 12. Such a remedy would be equitable in nature. This court generally lacks the authority to grant equitable relief under the Tucker Act unless that relief is "an incident of and collateral to [a money judgment,]" which in this case it is not because Mr. Bullock has not sought to recover any money damages. 28

U.S.C. § 1491(a)(2) (Tucker Act); *James v. Caldera*, 159 F.3d 573, 581 (Fed.Cir.1998). Thus, this court has no power to hear Mr. Bullock's claims of discrimination.

In addition, to the extent that Mr. Bullock's complaint could be construed as a petition for a writ of *habeas corpus*, this court also lacks jurisdiction to hear such a claim, since it is not among the courts empowered by the *habeas corpus* statute to address such petitions. *See* 28 U.S.C. § 2241(a) (2006) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."); *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed.Cir. 2002).

### CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and this case shall be dismissed without prejudice for lack of subject matter jurisdiction.[1] The Clerk shall enter judgment accordingly. No costs.

It is so **ORDERED**.

---

1. With his complaint, Mr. Bullock filed a motion for leave to proceed *in forma pauperis*. That motion is GRANTED for the limited purpose of addressing this court's jurisdiction to consider Mr. Bullock's complaint.