**Bahji Amelia ADAMS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 07–809C.**

United States Court of Federal Claims.

July 16, 2008.

Bahji Amelia Adams, Smyrna, GA, pro se.

Brian Thomas Edmunds, Trial Attorney, Commercial Litigation Branch, Civiil Division, U.S. Department of Justice, Washington, D.C. With him on the brief was Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch Civil

Division, U.S. Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Bahji Amelia Adams has filed a complaint seeking consequential, special, and punitive damages relating to actions in a divorce and custody case pending before a court in Cobb County, Georgia. The government has moved to dismiss Ms. Adam's complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), asserting that this court lacks subject matter jurisdiction over her claim. For the reasons stated below, the government's motion is granted.

## BACKGROUND

Ms. Adams filed this case against the state of Georgia, the city of Marietta, unspecified courts within Cobb County, two judges, her ex-husband, his lawyer, and other individuals involved in divorce and custody proceedings, plus "Jane" and "John Doe." Compl. at 1. Ms. Adams alleges that the defendants engaged in behavior that deprived her of fundamental rights guaranteed by the United States Constitution and the Constitution of the State of Georgia, including her rights to due process and equal protection. *Id.* at 9–13. *Id.* at 17–18. Ms. Adams also avers that the defendants violated anti-discrimination, civil rights, and criminal statutes. Ms. Adams seeks damages resulting from the alleged deprivations of her rights, *id.* at 23–24, and also removal of her divorce and child custody case to this court under 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 28 U.S.C. § 1441, which confer federal question jurisdiction, supplemental jurisdiction, and removal jurisdiction upon federal district courts. *See* Compl. at 1–2.

## JURISDICTION

"Jurisdiction must be established as a threshold matter before the court may proceed with the merits of this or any other action." *OTI America, Inc. v. United States,* 68 Fed.Cl. 108, 113 (2005) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). As plaintiff, Ms. Adams bears the burden of proving that this court has jurisdiction to consider her claim. *See McNutt v. General Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In determining whether jurisdiction exists, federal courts must accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995); *see also Hamlet v. United States,* 873 F.2d 1414, 1415–16 (Fed.Cir. 1989).[1]

The Tucker Act grants the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself, however, does not confer on a plaintiff a right to recovery. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The plaintiff must identify a substantive right that is enforceable against the United States for money damages. *United States v. Mitchell,* 463 U.S. 206, 216–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). To establish such a right, the plaintiff must identify a source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Id.* at 217, 103 S.Ct. 2961 (citing *Testan,* 424 U.S. at 400, 96 S.Ct. 948).

Ms. Adams has not put forward a "claim against the United States" or any of its agents. *See* 28 U.S.C. § 1491(a); RCFC 4 Rules Committee Note (2002) ("only the

---

1. *Pro se* claimants are held to a less stringent standard in pleading than that which is applied to formal pleadings prepared by counsel. *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, subject matter jurisdiction must be distinctly and affirmatively pled in the complaint. *See Norton v. Larney,* 266 U.S. 511, 515–16, 45 S.Ct. 145, 69 L.Ed. 413 (1925); *Henke,* 60 F.3d at 799.

United States is properly the named defendant"); RCFC 10(a) (in a complaint in this court, the United States shall be "designated as the party defendant"). Rather, her allegations relate to the State of Georgia, the city of Marietta, Cobb County courts, two judges, and other individuals involved in another court proceeding. This court lacks jurisdiction to hear claims against individuals, *see Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997), states and cities, *see Hassan v. United States,* 41 Fed.Cl. 149, 150 (1998), or county courts. *See Moore v. Public Defenders Office,* 76 Fed.Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.").

Moreover, Ms. Adams's complaint, even when liberally construed, fails to implicate a money-mandating constitutional provision, federal statute or federal regulation under which this court may exercise jurisdiction and provide relief. Ms. Adams's allegations that her constitutional rights to due process and equal protection were abridged do not confer a money-mandating duty on the federal government. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir. 1995) (holding that neither the Due Process Clause nor Equal Protection Clause impose a money-mandating duty). Similarly, this court also lacks jurisdiction over Ms. Adams's claims under the Claude Pepper Young Americans Act, 42 U.S.C. §§ 12301–12377, and the Victims of Child Abuse Act, 42 U.S.C. §§ 13001–13041, *see* Compl. at 18, because both fail to provide any private right to money damages. *See Mitchell,* 463 U.S. at 216–18, 103 S.Ct. 2961.

Under the Tucker Act, this court does not have jurisdiction over claims premised on tort. 28 U.S.C. § 1491(a)(1); *Brown,* 105 F.3d at 623. Ms. Adams's claims of discriminatory violations of the Americans With Disabilities Act, 42 U.S.C. §§ 12101–12300, Fair Housing Act, 42 U.S.C. §§ 3601–3631, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., *see* Compl. at 14–18, sound in tort. Ms. Adams also cites other statutes such as 18 U.S.C. §§ 241 and 242, which are federal criminal statutes that, among other things, apply to willful deprivations of rights under the Constitution and laws of the United States. This court does not have jurisdiction over criminal proceedings, including those arising under Sections 241 and 242. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994) (this court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"). Finally, 42 U.S.C. § 14141 provides for a civil cause of action only available to the Attorney General. *See* Compl. at 17, 18. Consequently, this court lacks jurisdiction to hear Ms. Adams's claims.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss is GRANTED, and this case shall be dismissed without prejudice for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly. No costs.

It is so **ORDERED.**