**Victor DEL RIO, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 09–130C.

United States Court of Federal Claims.

June 25, 2009.

Victor Del Rio, pro se, Spring, TX.

Matthew H. Solomson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Civil Division, and Jeanne E. Davidson, Director, and Alan J.

Lo Re, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In a complaint filed on March 3, 2009, Victor Del Rio raises a set of issues relating to the custody of his son, Nicholas Del Rio. Compl. at 8.[1] He particularly requests relief from a judgment of the 311th Family Court of Harris County, Texas, *id.* at 1, 8, although he also seeks damages from and against the United States in the amount of $650,000. *Id.* at 9. The government has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims on the grounds that this court lacks subject matter jurisdiction over Mr. Del Rio's claims. Def.'s Mot. for Summ. Dismissal at 1.

## BACKGROUND

In his complaint, Mr. Del Rio claims that the final custodial and related orders issued by the Family Court violate his constitutional rights and that his son has sustained injuries while in the care of Tracey Del Rio, Mr. Del Rio's ex-wife and Nicholas' mother. Compl. at 1, 8. The orders issued by the Family Court granted sole custody of Nicholas to Tracey Del Rio, and Mr. Del Rio contends that these orders "debilitate" his son for the personal financial gain of Tracey Del Rio and the State of Texas. *Id.* at 1. The Family Court reportedly provided a "protocol" along with its decision regarding custody, and that aspect of the court's orders is a particular focus of Mr. Del Rio's complaint. *Id.* at 1, 7.

## JURISDICTION

"Jurisdiction must be established as a threshold matter before the court may proceed with the merits of this or any other action." *OTI America, Inc. v. United States,* 68 Fed.Cl. 108, 113 (2005) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). As plaintiff, Mr. Del Rio bears the burden of establishing that this court has jurisdiction to hear his claims. *See McNutt v. General Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

In determining whether subject matter jurisdiction exists over a particular claim, the court "must accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff." *Goel v. United States,* 62 Fed.Cl. 804, 806 (2004) (citing *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995)); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (stating that a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Although *pro se* claimants such as Mr. Del Rio are held to a less stringent standard of pleading than that applied to formal pleadings prepared by counsel, *see Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), they must nonetheless "affirmatively and distinctly" plead that the court has subject matter jurisdiction. *Norton v. Larney,* 266 U.S. 511, 515–16, 45 S.Ct. 145, 69 L.Ed. 413 (1925); *see Henke,* 60 F.3d at 799. If the court finds that it is without subject matter jurisdiction to decide a case on its merits, the court is required to either dismiss the action as a matter of law, *see Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868); *Thoen v. United States,* 765 F.2d 1110, 1116 (Fed.Cir.1985), or to transfer it to another federal court that would have jurisdiction. *See Travelers Indem. Co. v. United States,* 72 Fed.Cl. 56, 59–60 (2006) (citing *Gray v. United States,* 69 Fed.Cl. 95, 102–03 (2005)).

The Tucker Act grants the Court of Federal Claims jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act alone is insufficient

---

1. Mr. Del Rio's complaint consists of ten pages, paginated inconsistently. Citations to the complaint in this opinion and order will be to the properly numbered sequential pages.

to create a right to recovery. *See United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). To invoke the court's jurisdiction to provide relief under the Tucker Act, Mr. Del Rio must identify a substantive right that is enforceable against the United States and that would entitle him to money damages. *See, e.g., United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). To establish the existence of such a right, Mr. Del Rio must demonstrate that the source of his claim stems from a provision of substantive law that "can fairly be interpreted as mandating compensation by the [f]ederal [g]overnment for the damages sustained." *Id.* at 217, 103 S.Ct. 2961 (quoting *Testan,* 424 U.S. at 400, 96 S.Ct. 948).

▮▮▮ None of the averments in Mr. Del Rio's complaint explicitly state a claim against the United States or any of its agents. In this court, the only proper defendant is the United States. *See* 28 U.S.C. § 1491(a)(1); *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Specifically, "[w]hen a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this Court has no jurisdiction to hear those allegations." *Shalhoub v. United States,* 75 Fed.Cl. 584, 585 (2007). Hence, the Court of Federal Claims cannot render judgment upon claims brought against states or state courts, and therefore will not consider Mr. Del Rio's claims against Texas or the 311th Family Court of Harris County. *See Hassan v. United States,* 41 Fed.Cl. 149, 150 (1998) (holding that the Court of Federal Claims lacks jurisdiction to hear claims against a state or its agencies except where the state or its agencies act as agents of the United States). In addition, the listing of judicial case numbers in Mr. Del Rio's complaint shows that he also wishes to put at issue actions by federal courts in Texas. *See*

Compl. at 4. But just as this court may not hear claims against Texas courts, this court is equally without authority to review decisions of federal courts in Texas. *See Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994); *Walker v. United States,* 11 Cl.Ct. 77, 81 (1986) ("[The Court of Federal Claims] ha[s] no jurisdiction to review the decisions of other courts within the federal system."). Accordingly, this court lacks the requisite jurisdiction to hear Mr. Del Rio's claims against the courts and non-federal parties that he avers violated his constitutional rights.

▮▮ In addition, even liberally construed, Mr. Del Rio's complaint fails to identify a money-mandating constitutional provision, federal statute, or federal regulation that would provide a basis for the relief he seeks. *See Testan,* 424 U.S. at 398, 96 S.Ct. 948. He refers to the prohibition on unreasonable searches and seizures in the Fourth Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the right to trial by jury in the Sixth Amendment as grounds for his claims. Compl. at 1, 3, 5. However, courts have consistently found that these constitutional provisions are not money-mandating. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (holding that a violation of the Due Process Clause of the Fifth Amendment does not mandate payment of money by the federal government); *Milas v. United States,* 42 Fed.Cl. 704, 710 (1999) (finding that the Sixth Amendment does not constitute a mandate for payment of money damages); *McCauley v. United States,* 38 Fed.Cl. 250, 266 (1997) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments are not independent grounds for money damages); *LaChance v. United States,* 15 Cl.Ct. 127, 130 (1988) (holding that the Fourth Amendment's prohibition of unreasonable searches and seizures is not money-mandating insofar as the government is concerned).[2] The absence of a mandate for compensation by the federal

---

2. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a party may under some circumstances bring an action for violations of constitu-

tional rights against governmental officials in their individual capacities. *Id.* at 397, 91 S.Ct. 1999. Those suits lie outside the jurisdiction of this court. *See Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997).

government leaves this court without jurisdiction to adjudicate Mr. Del Rio's constitutional claims and unable to provide the relief requested.

■ Mr. Del Rio's complaint also cites statutory provisions as grounds for his claims against the United States, including the Civil Rights Act, 42 U.S.C. § 1983, and the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Compl. at 2. Claims based on these and other laws cited by Mr. Del Rio typically would be tortious, and "cases sounding in tort are not cognizable in the court of claims." *Schillinger v. United States,* 155 U.S. 163, 169, 30 Ct.Cl. 480, 15 S.Ct. 85, 39 L.Ed. 108 (1894); *see* 28 U.S.C. § 1491(a)(1); *see also Brown,* 105 F.3d at 623. "Jurisdiction to hear tort claims is exclusively granted to the United States District Courts under the Federal Tort Claims Act." *McCauley,* 38 Fed.Cl. at 264; *see* 28 U.S.C. § 1346(b)(1). Similarly, "[the Court of Federal Claims] do[es] not have jurisdiction over civil rights claims," *Wildman v. United States,* 28 Fed.Cl. 494, 495 (1993); only "[d]istrict courts have been given jurisdiction to hear claims for civil rights damages ...; the Court of Federal Claims has not." *Osborn v. United States,* 47 Fed.Cl. 224, 232 (2000); *see also* 28 U.S.C. § 1343. Consequently, this court is without authority to render judgment or otherwise provide relief relating to any potential claims premised on the statutory provisions cited in Mr. Del Rio's complaint.

■ Mr. Del Rio has also prayed for the issuance of writs and arrest warrants as well as declaratory relief. Compl. at 1–9. However, the authority to issue a writ of mandamus rests with the district courts, which have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see Testan,* 424 U.S. at 403, 96 S.Ct. 948 (stating that respondents have a possible avenue of relief "by way of mandamus ... in a proper federal district court"). The Court of Federal Claims lacks jurisdiction to hear mandamus petitions, and therefore, this court may not issue a writ of mandamus as requested in Mr. Del Rio's complaint. Further, "the habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus." *Ledford v. United States,* 297 F.3d 1378, 1381 (Fed.Cir. 2002). The statute confers authority to grant such writs on "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Thus, this court lacks jurisdiction to grant Mr. Del Rio the requested writ of habeas corpus.

■ In addition to the aforementioned writs, Mr. Del Rio seeks declaratory relief from the Family Court's final orders. Compl. at 8. Under Subsection (a) of the Tucker Act, 28 U.S.C. § 1491(a), Congress conferred on this court a limited authority to issue certain types of declaratory judgments when necessary for complete relief, but only if the declaratory judgment is "an incident of and collateral to" an appropriate monetary award. 28 U.S.C. § 1491(a)(2); *see Bobula v. United States Dept. of Justice,* 970 F.2d 854, 859 (Fed.Cir.1992).[3] As stated earlier, Mr. Del Rio has not demonstrated a justiciable claim for money damages, and therefore, his request for declaratory relief is outside this court's jurisdiction.

■ Mr. Del Rio's final request is that this court issue arrest warrants. Criminal proceedings are beyond the purview of this court. *See Sherwood,* 312 U.S. at 588, 61 S.Ct. 767; *Joshua,* 17 F.3d at 379 ("[The Court of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."). Hence, this court does not possess the authority to issue the arrest warrants sought in Mr. Del Rio's complaint.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss is GRANTED, and

---

**3.** Contrastingly, in Subsection (b) of the Tucker Act, which relates to the court's "bid protest" jurisdiction, Congress granted power to "award any relief that the court considers proper, including declaratory and injunctive relief, except that monetary relief shall be limited to bid preparation and proposal costs." 28 U.S.C. § 1491(b)(2).

this case shall be dismissed without prejudice for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

No costs.

It is so ORDERED.