Dusty **FORD**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 11–96C.

United States Court of Federal Claims.

Oct. 26, 2011.

---

Dusty Ford, Talent, OR, Plaintiff, pro se.

Sarah M. Bienkowski, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

## OPINION

DAMICH, Judge:

Plaintiff is the lawful possessor of an unpatented mining claim on federal land located in southwest Oregon. Plaintiff, acting pro se, filed a complaint seeking to prevent the Department of Interior, Bureau of Land Management ("BLM") from removing a cabin from that land. Plaintiff alleges the BLM's destruction of the cabin would constitute an unlawful and compensable taking. Plaintiff seeks a writ of mandamus and an order enjoining the BLM from removing the cabin.

The Government filed a motion to dismiss under Rule 12(b)(1) of the Rules of Court of Federal Claims ("RCFC"). The Government asserts that this Court lacks subject matter jurisdiction over petitions for writs of mandamus and claims purely for injunctive relief.

Although a complaint requesting compensation for an alleged taking of property would be sufficient to invoke this Court's jurisdiction, the thrust of Plaintiff's complaint is for purely equitable relief: to enjoin the BLM from destroying the cabin. This Court does not have jurisdiction over claims solely for injunctive relief nor over petitions for a writ of mandamus. Accordingly, Plaintiff's complaint must be dismissed for a lack of jurisdiction.

## I. Background

### A. Facts

Plaintiff obtained his unpatented mining claim in September 2009 by filing a Notice of Location of Placer Claim with the BLM. It seems that Plaintiff "occupies" the cabin as defined by BLM regulations. *See* 43 C.F.R. § 3715.0–5 (2011) ("occupancy" includes part-time residence and the construction, presence, or maintenance of structures such as fences, tents, cabins, and houses). On January 27, 2011, the BLM notified Plaintiff that he did not have permission to occupy the cabin, in violation of BLM regulations;[1] that the BLM planned to remove the cabin from the property; and that he had 15 days to remove all personal property before the cabin was removed.[2]

On February 14, 2011, Plaintiff filed a complaint, styled "Expedited Emergency Petition for Injunction or Writ of Mandamus," requesting a permanent injunction barring the BLM from destroying the cabin. Plaintiff alleges that he owns the right to exclusive possession of the land and that the cabin's

---

1. Pursuant to valid BLM regulations, the owner of an unpatented mining claim may occupy a structure on the property only if he first requests and receives BLM's permission. *See* 43 C.F.R. §§ 3715, 3809. The BLM will permit occupancy if it is "reasonably incident" to "prospecting, mining, or processing operations." 43 C.F.R. § 3715.0–5; *see* 30 U.S.C. § 612 (2006). A per-

son adversely affected by a BLM officer's decision can appeal the decision to the Interior Board of Land Appeals. 43 C.F.R. § 3715.9; *see also* 43 C.F.R. § 4.

2. Based on the record as it exists, it appears that BLM has yet to remove the cabin.

destruction would be an unlawful and compensable taking.

On May 16, 2011, the Government filed a motion to dismiss under RCFC 12(b)(1) asserting that this Court lacks subject matter jurisdiction over claims purely for injunctive relief. In the alternative, the Government asserts that the complaint should be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff's unpatented mining claim does not give him a property interest in the land's surface.

In response, Plaintiff asserts the complaint makes a "tangential claim" for money damages, which should be sufficient to establish jurisdiction.[3] Pl.'s Resp. at 2–3. Plaintiff states that, if the Court permits, he would amend the complaint to allege that the BLM's inspection of his property and written notices about the cabin are takings and that he is entitled to monetary damages. Plaintiff argues, however, that destruction of the cabin would cause "irreparable harm" and that a present award of money damages would not "make [him] whole." Pl.'s Resp. at 2.

### B. *Jurisdiction*

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir.1988). When deciding a motion to dismiss pursuant to RCFC 12(b)(1), the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in [the] plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995). Whether a court possesses jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.2004); *see also Arbaugh v. Y & H Corp.*, 546 U.S.

500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

Plaintiff alleges that this Court has jurisdiction over his claim pursuant to the Tucker Act, 28 U.S.C. § 1491 (2006). The Tucker Act grants the United States Court of Federal Claims ("CFC") jurisdiction over monetary actions "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." § 1491(a)(1). The Tucker Act also permits this Court to entertain claims for equitable relief in bid protest actions, § 1491(b), and where such relief is "an incident of and collateral to" a money judgment, § 1491(a)(2). *See James v. Caldera*, 159 F.3d 573, 580 (Fed.Cir.1998).

The Tucker Act is only a jurisdictional statute and does not create any independent substantive rights enforceable against the United States for money damages. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). In other words, not every claim involving the United States Constitution or an Act of Congress is cognizable under the Tucker Act. Rather, a plaintiff's claim must be for money damages based on a "money-mandating" source of substantive law, and he must allege that he is "within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed.Cir.2008); *Fisher v. United States*, 402 F.3d 1167, 1173, 1175 (Fed.Cir.2005) (en banc in relevant part). Plaintiff alleges that the Takings Clause of the Fifth Amendment of the United States Constitution gives him a substantive, enforceable right to relief. Although the Takings Clause entitles a plaintiff whose property has been taken to monetary compensation,[4] it does not provide for prospec-

---

**3.** He also alleges that the BLM's actions constitute some kind of tortious breach of fiduciary duty. This Court does not have jurisdiction over actions sounding in tort. 28 U.S.C. § 1491(a)

(2006); *see Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997).

**4.** To establish a takings claim, a plaintiff must show that he possesses a valid, compensable

tive relief to a plaintiff whose property has not been taken. *See Boling v. United States,* 220 F.3d 1365, 1370 (Fed.Cir.2000) (stating that a takings claim does not accrue until all the events that fix the government's alleged liability have occurred).

## II. *Discussion*

■ It is well established that, in the context of a Tucker Act claim, the Takings Clause is a money-mandating source. *Jan's Helicopter,* 525 F.3d at 1309. Therefore to establish the CFC's jurisdiction, Plaintiff only must allege that he is within the class entitled to recover; or in other words, that he is entitled to monetary damages because the Government has taken his property.

■ Plaintiff has not pled a cause of action over which the CFC has jurisdiction. Although in his complaint Plaintiff alleges that destruction of the cabin would be a compensable taking, he does not allege that the destruction has occurred and that he is entitled to compensation or money damages for the taking. Instead, Plaintiff requests solely equitable relief, asking this Court to enjoin the BLM from destroying the cabin. Plaintiff's complaint includes a draft of a proposed court order, and the order does not mention an award of compensation but is purely injunctive in nature. As the Court interprets the complaint, Plaintiff's claims are not directed to obtaining monetary compensation for the taking of the cabin; they are for prospective, equitable relief to prevent the taking of the cabin, and therefore, they are outside of the CFC's jurisdiction. *See Fisher,* 402 F.3d at 1173 (stating that if

"the source [of jurisdiction] as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction").

■ In subsequent filings, Plaintiff indicates that, if permitted by the Court, he could amend his complaint to allege that the BLM's written notices about the cabin are takings and that he is entitled to money damages. It would be useless for the Court to allow Plaintiff, who is acting pro se, to amend his pleading. Although allowing Plaintiff to amend his complaint likely would be sufficient to give this Court jurisdiction, the Court would have to dismiss the amended complaint for failure to state a claim upon which relief can be granted [5] because at this time Plaintiff cannot establish that he owns a valid property interest in the surface of his unpatented mining claim.[6] Such a dismissal would be a decision on the merits, and it could prevent Plaintiff from seeking injunctive relief from a district court or from seeking compensation in the future for a taking of his cabin, if such a taking actually occurs.

Plaintiff also requests a writ of mandamus to stop the destruction of the cabin. The Government asserts that this Court does not have subject matter jurisdiction over petitions for writs of mandamus, and Plaintiff has not contested this assertion. The Court agrees with the Government. Jurisdiction over petitions for writs of mandamus lies with the federal district courts. 28 U.S.C. § 1361 (2006); *see Testan,* 424 U.S. at 403, 96 S.Ct. 948 (noting that a mandamus petition could be brought in "a proper federal district court"); *Del Rio v. United States,* 87 Fed.Cl.

property interest in a property and that a governmental action constituted a taking of that interest. *See Karuk Tribe v. Ammon,* 209 F.3d 1366, 1374 (Fed.Cir.2000).

5. In its motion, the Government also asserts that this Court does not have jurisdiction over takings claims that are not based on a valid property right. Whether Plaintiff can establish that he owns a valid property right goes to whether he has established a proper cause of action and not to subject matter jurisdiction. *Jan's Helicopter,* 525 F.3d at 1309; *see Arbaugh,* 546 U.S. at 511–14, 126 S.Ct. 1235.

6. An unpatented mining claim is an interest in only the minerals in the land and not in the

land's surface; the government retains fee title to the land. *See* 30 U.S.C. § 612(b) (reserving to the United States rights to manage the surface resources of unpatented mining claims); *see also Best v. Humboldt Placer Mining Co.,* 371 U.S. 334, 336–37, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963). Mining claims are valid against the government only if certain statutory and regulatory requirements have been met. *Best,* 371 U.S. at 336, 83 S.Ct. 379; *Holden v. United States,* 38 Fed.Cl. 732, 735 (1997) ("To have a compensable interest in unpatented mining claims sufficient to bring a taking action in this Court, there must have been a[n] [administrative] determination [by the BLM] as to the validity of those mining claims").

536, 540 (2009) (citing *Testan* and finding the CFC does not have jurisdiction over mandamus petitions).

### III. *Conclusion*

Because Plaintiff has not established that this Court has jurisdiction over his claims, the Government's Motion to Dismiss must be **GRANTED.** Accordingly, the Clerk is directed to dismiss Plaintiff's complaint without prejudice.