NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY STELLA,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5116

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-233, Senior Judge Eric G. Bruggink.

---

Decided: November 7, 2012

---

GREGORY STELLA, of Brooklyn, New York, pro se.

JOHN S. GROAT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before D<small>YK</small>, P<small>ROST</small>, and O'M<small>ALLEY</small>, *Circuit Judges.*

P<small>ER</small> C<small>URIAM</small>.

Gregory Stella ("Stella") appeals from the order of the Court of Federal Claims dismissing his complaint for lack of jurisdiction. *See Stella v. United States*, No. 12-233C (Fed. Cl. June 21, 2012). We *affirm*.

## BACKGROUND

Stella filed this complaint with the Court of Federal Claims in April 2012, seeking at least $500,000 in damages from the United States "due to the fact of severe Post Traumatic Stress Disorder, which … came from [his] situation of pain and suffering." Appellee's App. 4. In an accompanying handwritten document, Stella recounted various incidents that have taken place in his life since 1988. Several of these incidents involved alleged attempts to read his thoughts, intercept his communications, implant images in his mind, and otherwise interfere with his mental well-being. Stella alleged that a wide range of individuals and organizations were responsible for these efforts, including his neighbors, the Mafia, bank employees, and various local and federal law enforcement agencies.

The United States did not answer. The court, acting on its own initiative, dismissed the complaint for lack of jurisdiction. The court noted that its jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (2006), is limited to certain types of claims against the United States. The court found that Stella had failed to allege any wrongdoing on the part of the United States or its agents that lay within the court's power to remedy. *Stella*, No. 12-233C, slip op. at 2 (Fed. Cl. June 21, 2012).

Stella timely appealed to this Court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

"We … review de novo the Court of Federal Claims's dismissal of a claim for lack of jurisdiction." *Doe v. United States*, 463 F.3d 1314, 1320 (Fed. Cir. 2006) (citations omitted).

Under the Tucker Act, the Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for … damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The statute places three clear limitations on the court's jurisdiction: a claim must be "against the United States," *see Hassan v. United States*, 41 Fed. Cl. 149, 150 (1998), it must be "founded … upon" some "separate source of substantive law that creates the right to money damages," *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted), and it must "not sound in tort," *see Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1327 (Fed. Cir. 1997).

As the Court of Federal Claims correctly noted, most of the individuals and organizations against whom Stella has complained are not federal officials or agencies. The Court of Federal Claims cannot hear claims against these parties. To the extent that Stella has alleged that various federal officials and agencies contributed to his condition, either directly or by failing to protect him, the court correctly observed that these appear to be tort claims, which the court is similarly barred from hearing. The court can only hear claims against these federal officials or agencies if they are based on a "separate source of substantive law that creates the right to money damages," *Fisher*, 402 F.3d at 1172. Stella has not identified any

such source of law, and this court has been unable to identify one on its own. As such, none of Stella's claims lie within the Court of Federal Claims's Tucker Act jurisdiction.

On appeal, Stella complains that the Court of Federal Claims did not grant him discovery against the United States – that is, that it refused to "subpoena a doctor and a[n] affiliate from the [Department of Defense]" or to "ask any questions." Appellant's Informal Br. 1. Stella has not alleged that any of the facts that he hopes to uncover, however, would cure the jurisdictional defect that prevents the court from hearing his claims.

For these reasons, we affirm the Court of Federal Claims's dismissal of Stella's claim.

COSTS

No costs.