NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-5124

TIMOTHEUS PATTERSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

<u>Timotheus Patterson</u>, of Philadelphia, Pennsylvania, pro se.

<u>Leslie Cayer Ohta</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With her on the brief were <u>Peter D. Keisler</u>, Assistant Attorney General, <u>David M. Cohen</u>, Director, and <u>Donald E. Kinner </u>, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Victor J. Wolski

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-5124

TIMOTHEUS PATTERSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  February 7, 2007

_____

Before LOURIE, DYK, <u>Circuit Judges</u>, and O'MALLEY, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Timotheus Patterson ("Patterson") appeals from the decision of the United States Court of Federal Claims dismissing his claim for lack of subject matter jurisdiction. <u>Patterson v. United States</u>, No. 06-309C, slip op. (Fed. Cl. June 29, 2006).  Because the trial court correctly determined that it lacked jurisdiction, we <u>affirm</u>.

---

[*]	Honorable Kathleen M. O'Malley, District Judge, United States District Court for the Northern District of Ohio, sitting by designation.

BACKGROUND

Patterson filed a claim in the United States District Court for the Eastern District of Pennsylvania against a former employer for illegal disclosure of his personal information. Patterson based his complaint on the filing of a Form 1099-MISC, including his name, address, and Social Security number, with the Internal Revenue Service. The district court dismissed the complaint as frivolous because the employer was required by law to disclose the information. Patterson v. Bailey, No. 06-1094, slip op. (E.D. Pa. Apr. 12, 2006).

Patterson then filed a claim in the Court of Federal Claims on April 21, 2006, alleging that the district court judge, as an agent of the United States, had deprived him of his right to pursue punitive damages. Patterson claimed violation of his First, Ninth, and Tenth Amendment rights. The government filed a motion to dismiss for lack of subject matter jurisdiction on May 15, 2006. The Court of Federal Claims reminded Patterson of the deadline for response to the motion to dismiss, but he failed to file an opposition to the motion. In its June 29, 2006 order, the Court of Federal Claims determined that it did not have jurisdiction to review the decisions of a district court. The trial court also determined that the First, Ninth, and Tenth Amendments do not provide a basis for an award of monetary damages. The Court of Federal Claims therefore dismissed Patterson's claim for lack of subject matter jurisdiction.

Patterson timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review de novo an order of the United States Court of Federal Claims

dismissing a complaint for lack of jurisdiction. <u>Shearin v. United States</u>, 992 F.2d 1195, 1195 (Fed. Cir.1993). "A party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists." <u>Hinck v. United States</u>, 446 F.3d 1307, 1313 (Fed. Cir. 2006) (quoting <u>Rocovich v. United States</u>, 933 F.2d 991, 993 (Fed. Cir.1991)).

On appeal, Patterson argues that the Court of Federal Claims failed to determine the merits of his claim. However, the court was correct in not considering the merits if it lacked jurisdiction, and Patterson fails to identify any error in the jurisdictional determination of the court. As noted by the court, the proper forum for review of the decision of the district court is the United States Court of Appeals for the Third Circuit, not the Court of Federal Claims. <u>See</u> 28 U.S.C. § 1291. Also, we discern no error in the trial court's determination that a claim for monetary damages against the United States cannot be based on the First, Ninth, or Tenth Amendments. <u>See</u> <u>Hamlet v. United States</u>, 63 F.3d 1097, 1107 (Fed. Cir. 1995). In his brief to this court, Patterson attempts to introduce additional claims under the Fourth and Seventh Amendments. Because those claims are raised for the first time on appeal, we decline to address them on the merits.

We therefore <u>affirm</u> the decision of the Court of Federal Claims.