**Qian Ibrahim ZHAO, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 09–463C.

United States Court of Federal Claims.

Jan. 14, 2010.

Qian Ibrahim Zhao, Houston, TX, pro se.

Douglas G. Edelschick, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Tony West, Assistant Attorney General, Civil Division, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In a complaint filed July 20, 2009, Qian Ibrahim Zhao, a detained foreign national, seeks compensatory and punitive damages stemming from an alleged encounter with an unknown individual who supposedly identified himself to Mr. Zhao as an agent of the Central Intelligence Agency ("CIA"). Compl. ¶¶ 8, 25–28. According to Mr. Zhao, the agent stopped him on a street in Washington, D.C., searched his person and belong-

ings, detained and questioned him, and seized his personal property. Compl. ¶¶ 8–11. Mr. Zhao is currently being detained by officials of United States Immigration and Customs Enforcement at the Houston Contract Detention Facility. *See* Pl.'s Aff. appended to Pl.'s Mot. to Proceed *In Forma Pauperis*. The United States has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") on the ground that this court lacks subject matter jurisdiction over Mr. Zhao's claims. Def.'s Rule 12(b)(1) Mot. to Dismiss at 1 ("Def.'s Mot. to Dismiss"). Mr. Zhao has resisted this motion and included with his opposition requests to amend his complaint and to bifurcate proceedings. Pl.'s Opp'n to Def.'s Mot. to Dismiss [and] Pl.'s Mot. to Amend Original Complaint ("Pl.'s Opp'n").[1]

## BACKGROUND[2]

Mr. Zhao alleges that while making a movie in Washington, D.C. in 2004 he was stopped on the street by an unknown individual who identified himself to Mr. Zhao as a CIA agent. Compl. ¶ 8. Mr. Zhao avers that this person showed his badge but did not provide his name or contact information. Compl. ¶ 9. According to Mr. Zhao, the agent directed Mr. Zhao to put his hands up against a wall and proceeded forcibly to search his person and belongings. Compl. ¶¶ 8–9. Mr. Zhao alleges that he was then "falsely imprisoned" and questioned without his consent "for [a period of] more than four hours" before the agent seized his personal property including "a valid Chin[ese] passport, camcorder, camera, video tapes[,] note-

---

1. Mr. Zhao similarly demonstrated an appreciation of, and a flair for, federal procedural law when, relying on 28 U.S.C. § 1407, he filed with the United States Judicial Panel on Multidistrict Litigation, a motion to couple this action for aggregated preparatory proceedings with an earlier filed action brought by him in the United States District Court for the Southern District of Texas styled *Zhao v. An Unknown Agent of the Cent. Intelligence Agency*, No. 4:09–1963 (S.D. Tex., filed June 22, 2009). Mr. Zhao sought transfer of the actions to the United States District Court for the District of Columbia for coordinated or consolidated pretrial proceedings. The Judicial Panel on Multidistrict Litigation denied that transfer as moot on January 8, 2010,

noting that the action brought in the District Court for the Southern District of Texas had been dismissed with prejudice on January 6, 2010. *See* Order Decreeing Motion Moot, *In re Qian Ibrahim Zhao Litigation*, MDL No. 2146 (Jan. 8, 2010), referring to Final Dismissal, *Zhao v. An Unknown Agent of the Cent. Intelligence Agency*, No. 4:09–1963 (S.D.Tex., Jan. 6, 2010).

2. The recitations that follow do not constitute findings of fact by the court. Instead, the recited factual elements are taken from Mr. Zhao's complaint and the parties' filings and are alleged, averred, or asserted and are assumed to be true, except where a factual controversy is noted.

book[,] and all of the phone numbers saved in [his] cell phone." Compl. ¶¶ 10–11. According to Mr. Zhao, the agent promised to return his property, and Mr. Zhao provided the agent a mailing address for this purpose. Compl. ¶ 12. Mr. Zhao avers that he submitted claims first to the CIA and then to the Department of Homeland Security in 2004 and 2009, respectively, and that only the CIA responded, denying his claim, but not in writing. Compl. ¶¶ 12, 14. Mr. Zhao asserts that sometime in 2008 his passport was passed by the CIA to the Department of Homeland Security, Immigration and Customs Enforcement, and is now in the possession of that agency at its office in Houston, Texas. Compl. ¶ 15. On March 1, 2009, Mr. Zhao submitted a written request to that office that his passport and other personal property be returned, Compl. Ex. 1, to which the responding official replied on March 18, 2009, that "[y]ou need to address [the matter] with the individuals [who] took your property." Compl. Ex. 2. Mr. Zhao filed this action on July 20, 2009.

The complaint asserts several causes of action arising out of Mr. Zhao's alleged encounter with a federal agent. *See* Compl. ¶¶ 17–22 (Causes of Action). Mr. Zhao seeks relief on constitutional grounds pursuant to the Fourth and Fourteenth Amendments for "unreasonable searches and seizures," under the Fifth Amendment for violations of the Due Process and Equal Protection Clauses, and under the Ninth Amendment for violation of a right to privacy. Compl. ¶¶ 17, 22. Mr. Zhao also seeks to recover damages in tort for slander, defamation, invasion of privacy, and false imprisonment. Compl. ¶ 19.[3]

## JURISDICTION

"Jurisdiction must be established as a threshold matter before the court may proceed with the merits of this or any other action." *OTI Am., Inc. v. United States*, 68 Fed.Cl. 108, 113 (2005) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). As plaintiff, Mr. Zhao bears the burden of

establishing that this court has jurisdiction to hear his claims. *See McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

In determining whether subject matter jurisdiction exists over a particular claim, the court must accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. (*See Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995)). However, the court is " 'not bound to accept as true a legal conclusion couched as a factual allegation,' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)), nor is it required to give credence to implausible allegations. *See Ashcroft v. Iqbal*, —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Although pleadings filed by *pro se* claimants such as Mr. Zhao are held to a less stringent standard of pleading than that applied to formal pleadings prepared by counsel, *see Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *pro se* claimants must nonetheless "affirmatively and distinctly" plead that the court has subject matter jurisdiction. *Norton v. Larney*, 266 U.S. 511, 515, 45 S.Ct. 145, 69 L.Ed. 413 (1925). If the court finds that it is without subject matter jurisdiction to decide a case on its merits, the court is required to either dismiss the action as a matter of law, *see Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed.Cir.1985), or to transfer it to another federal court that would have jurisdiction. *See Gray v. United States*, 69 Fed.Cl. 95, 102–03 (2005).

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either

---

3. In response to the government's motion to dismiss, Mr. Zhao has sought to amend his suit by adding claims pursuant to the Alien Tort Claims Act and the Torture Victim Protection Act, 28

U.S.C. § 1350 & note, as well as claims for violations of the Takings Clause of the Fifth Amendment and "customary international law." Pl.'s Opp'n at 1, 3, 7.

upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity, but it does not by itself confer a right to recovery. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (stating that the Tucker Act confers jurisdiction where a substantive right already exists). To establish such a right, the plaintiff must identify a substantive claim founded in some other source of law that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (citing *Testan*, 424 U.S. at 400, 96 S.Ct. 948); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003) ("[A] fair inference will do.").

▮ Mr. Zhao's constitutional claims allege violations of Fourth and Fourteenth

Amendment rights to be free from unreasonable searches and seizures, Fifth Amendment rights to due process and equal protection, and a Ninth Amendment right to privacy. Compl. ¶¶ 17, 22.[4] These constitutional provisions are not money-mandating sources of law. *See, e.g., Crocker v. United States*, 125 F.3d 1475, 1476 (Fed.Cir.1997) (Fifth Amendment due process claim dismissed); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir. 1995) (Fifth and Fourteenth Amendment due process and equal protection claims dismissed); *Del Rio v. United States*, 87 Fed.Cl. 536, 539–40 (2009) (Fourth, Sixth, and Fourteenth Amendment claims dismissed); *Schweitzer v. United States*, 82 Fed.Cl. 592, 597–98 & n. 7 (2008) (Fourth, Fifth, Ninth, and Fourteenth Amendment claims dismissed); *Ogden v. United States*, 61 Fed.Cl. 44, 47 (2004) (Fourth and Ninth Amendment claims dismissed). Accordingly, the court lacks subject matter jurisdiction over Mr. Zhao's constitutional claims.[5]

▮ Mr. Zhao's remaining claims all sound in tort. "[C]ases sounding in tort are

---

**4.** The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. While several Supreme Court Justices have opined that a fundamental right to privacy, distinct from specific aspects of privacy protected explicitly in the Bill of Rights (*e.g.*, the bar on quartering soldiers in homes, U.S. Const. amend. III), arises, in part, under the Ninth Amendment, *see Griswold v. Connecticut*, 381 U.S. 479, 486–99, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (Goldberg, J., concurring), *but see Doe v. Bolton*, 410 U.S. 179, 210, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973) (Douglas, J., concurring) ("The Ninth Amendment obviously does not create federally enforceable rights."), the Ninth Amendment has not been judged to be a source of individual rights for purposes of stating a claim. *See Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir.1991); *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir.1991); *see also Patterson v. United States*, 218 Fed.Appx. 987, 988 (Fed.Cir.2007) ("[A] claim for monetary damages against the United States cannot be based on the ... Ninth ... Amendment[ ]."). Contemporaneously with these decisions, commentators had taken different approaches to the Ninth Amendment in this context. *Compare* J. Harvie Wilkinson III & G. Edward White, *Constitutional Protection for Personal Lifestyles*, 62 Cornell L.Rev. 563, 611–25 (1977), *with* Jordan J. Paust, *Human Rights and the Ninth Amend-*

*ment: A New Form of Guarantee*, 60 Cornell L.Rev. 231, 254–60 (1975).

**5.** Mr. Zhao also sought to amend his complaint to invoke the Takings Clause, asserting that the "CIA's and [Department of Homeland Security's] actions constitute[d] a compensable taking." Pl.'s Opp'n at 1. Premised upon an appropriate set of factual allegations, this asserted basis for the court's adjudicatory power would have been valid. "It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1309 (Fed.Cir.2008); *see also Preseault v. Interstate Commerce Comm'n*, 494 U.S. 1, 12, 110 S.Ct. 914, 108 L.Ed.2d 1 (1990); *Moden v. United States*, 404 F.3d 1335, 1341 (Fed.Cir.2005) ("[T]o the extent [plaintiff has] a nonfrivolous takings claim founded upon the Fifth Amendment, jurisdiction under the Tucker Act is proper."). Mr. Zhao, however, has failed to assert a viable Fifth Amendment takings claim for two reasons. First, the complaint does not allege any facts that, if taken as true, would establish that the "agent's" actions were authorized, an essential requirement of any takings claim. *See Florida Rock Indus., Inc. v. United States*, 791 F.2d 893, 898 (Fed.Cir.1986) ("[A] Tucker Act suit in the Claims Court is not ... available to recover damages for the unauthorized acts of government officials."). Second, Mr. Zhao's property, if taken, was not "taken for

not cognizable in the court of claims." *Schillinger v. United States*, 155 U.S. 163, 169, 30 Ct.Cl. 480, 15 S.Ct. 85, 39 L.Ed. 108 (1894); *see* 28 U.S.C. § 1491(a)(1). Pursuant to the Federal Tort Claims Act ("FTCA"), district courts have exclusive jurisdiction to consider tort claims against the United States that fall within the purview of the FTCA. *See* 28 U.S.C. § 1346(b); *Wood v. United States*, 961 F.2d 195, 197 (Fed.Cir.1992) ("[D]istrict courts have ... exclusive jurisdiction over tort claims for any amount if they fall within the [FTCA.]"). Consequently, this court lacks subject matter jurisdiction to address Mr. Zhao's claims for slander, defamation, invasion of privacy, and false imprisonment,[6] as these claims all sound in tort and are therefore within the exclusive jurisdiction of the district courts pursuant to the FTCA.[7]

■ As an alternative ground for dismissal for lack of jurisdiction, the government has invoked 28 U.S.C. § 1500, which bars this court's exercise of jurisdiction to consider a cause of action, where, at the time of filing, a suit respecting the same claim was pending in another court. *See Keene Corp. v. United States*, 508 U.S. 200, 209, 212, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (applying Section 1500); *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed.Cir. 1994) (*en banc*) (same); *see also Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed.Cir. 2004) (stating Section 1500 was designed to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court").[8] "For the Court of Federal Claims to be precluded from hearing a claim under [S]ection 1500, the claim pending in another court must arise from *the same operative facts*, and must seek *the same relief*." *Loveladies Harbor*, 27 F.3d at 1551; *see also id.* at 1550 ("Claims are the same where they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court.") (internal quotation marks omitted) (citation omitted).

■ As noted previously, Mr. Zhao filed a complaint in the United States District Court for the Southern District of Texas on June 22, 2009, exactly one month before plaintiff filed this action on July 22, 2009. *See supra*, at 2 n. 1. The complaint filed in the Southern District of Texas is identical to the complaint filed in this court in all material respects. The recitation of facts, causes of action, and prayer for relief are virtually identical word-for-word in both complaints. Notably, in an order filed by the Honorable Lynn N. Hughes on January 6, 2010, the action filed in the Southern District of Texas was dismissed with prejudice for failure to state a claim and because it was time-barred. Opinion on Dismissal, *Zhao v. An Unknown Agent of the Cent. Intelligence Agency*, No.

public use" as required by the Fifth Amendment. U.S. Const. amend. V.; *see, e.g., AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir.2008) (holding that when the government "takes" private property as an incident to the exercise of its police powers, the property is not "taken for public use" within the meaning of the Fifth Amendment); *Paradissiotis v. United States*, 304 F.3d 1271, 1274 (Fed.Cir.2002) (same with regard to national security); *Crocker*, 125 F.3d at 1476 (claims for recovery of wrongfully seized and forfeited property are equitable in nature and have been jurisdictionally allocated to district courts). Accordingly, Mr. Zhao's request for leave to amend his complaint will not be granted in this regard.

6. The court also lacks subject matter jurisdiction over Mr. Zhao's proposed claims pursuant to the Alien Tort Claims Act and the Torture Victim Protection Act, or over any claim for violation of international law. *See* Pl.'s Opp'n at 1. These statutes and sources of law are not money-mandating provisions within the purview of the Tuck-

er Act, 28 U.S.C. § 1491(a)(1), and further, these proposed claims all sound in tort. For both reasons, these claims are not jurisdictionally viable in this court.

7. By stating that Mr. Zhao's tort claims against the United States fall within the exclusive jurisdiction of the district courts, the court neither expresses any view regarding the merits of plaintiff's case nor whether his claims properly may be brought in district court. *See* Def.'s Mot. to Dismiss at 7 n.2.

8. The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person, who at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

§ 1500.

4:09–1963 (S.D.Tex., Jan. 6, 2010). This dismissal by Judge Hughes does not moot the government's motion to dismiss for lack of jurisdiction on the basis of Section 1500 because that Section's jurisdictional constraint appertains to the circumstances that exist at the time the complaint in this court is filed. *See Keene*, 508 U.S. at 207, 113 S.Ct. 2035 (recognizing and applying "the longstanding principle that 'the jurisdiction of the [c]ourt depends upon the state of things at the time of the action brought.'" (quoting *Mullan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824) (Marshall, C.J.))). Accordingly, the government's motion to dismiss for lack of jurisdiction is granted on this ground as well.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss is GRANTED, and this case shall be dismissed without prejudice for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.[9] No costs.

It is so ORDERED.

---

9. In addition, Mr. Zhao's motion for leave to appear *in forma pauperis* is GRANTED, his motion for the appointment of counsel is DENIED, and his requests for leave to amend his complaint and for bifurcation of proceedings on his claims are DENIED.