**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID WAYNE ROBINSON,

    Plaintiff - Appellant,

v.

PATRICK FIRMAN; H.G. MINTER;
SGT. KILMAN; DEPUTY BUITRAGO;

    Defendants - Appellees.

No. 19-1435
(D.C. No. 1:18-CV-01494-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Colorado state prisoner David Robinson appeals the

district court's order denying his motion for relief from judgment under Federal Rule

of Civil Procedure 60(b). For the reasons explained below, we affirm the district

court.

_____

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we do not act as an advocate for pro se litigants by, for example, "constructing arguments" or "searching the record" for support. *Id.*

Robinson's operative 42 U.S.C. § 1983 complaint[2] asserts three claims, each based on the allegation that jail officials separated him from his property and then refused to retrieve his property after it was stolen. Robinson contends that in so doing, the jail officials violated his due-process rights, his right to be free from cruel and unusual punishment, and his rights arising under the Ninth Amendment.

Because Robinson was proceeding in forma pauperis (IFP), the district court screened his complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). That statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous." § 1915(e)(2). The district court examined each of Robinson's three claims and determined that they were frivolous. As to the due-process claim, the district court concluded that it was frivolous because Robinson "failed to make any allegations that state[-]law post[]deprivation remedies were inadequate." R. 56–57; *see also Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) ("In the ordinary case where an injury has been caused . . . by a random and unauthorized act that can be remedied by state law, there is no basis for intervention under § 1983 . . . in a suit based on [due process]." (first omission in original) (quoting *Albright v. Oliver*, 510 U.S. 266, 285 (1994) (Kennedy, J., concurring))).

---

[2] Robinson first filed his complaint in June 2018. After the district court entered five separate orders directing Robinson to amend his complaint to resolve various pleading deficiencies, Robinson eventually filed an amended complaint.

Next, the district court concluded that Robinson's claim alleging cruel and unusual punishment under the Eighth Amendment was frivolous because he failed to allege either an objectively serious deprivation or that the jail officials subjectively knew of and disregarded a substantial risk to Robinson's health or safety. *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (noting objective and subjective prongs of Eighth Amendment claim). Finally, the district court found Robinson's Ninth Amendment claim frivolous because that amendment is not "a source of individual rights." R. 58 (quoting *Zhao v. United States*, 91 Fed. Cl. 95, 99 n.4 (Fed. Cl. 2010)); *see also Jenkins v. Comm'r*, 483 F.3d 90, 92 (2d Cir. 2007) ("The Ninth Amendment is not an independent source of individual rights . . . ."). Thus, the district court dismissed Robinson's complaint as frivolous; it also certified that any appeal would not be taken in good faith. *See* § 1915(a)(3), (e)(2)(B)(i).

Several months later, Robinson filed a motion that the district court construed as a motion seeking relief from judgment under Rule 60(b). The district court denied the motion, concluding that Robinson's Rule 60(b) motion merely "repeat[ed] arguments he ha[d] already made." R. 73. Robinson appeals.[3]

---

[3] Robinson appeals only the district court's Rule 60(b) order. We previously concluded that Robinson's notice of appeal was untimely as to the district court's original order, thereby depriving us of jurisdiction over any appeal from that original order. *See* 28 U.S.C. § 2107(a) (providing that notice of appeal in civil case must be filed within 30 days after entry of judgment); *Bowles v. Russell*, 551 U.S. 205, 213 (2007) (holding that untimely notice of appeal deprives us of jurisdiction). But in the same order, we allowed Robinson's appeal to proceed as to the order denying his Rule 60(b) motion.

Rule 60(b) allows a district court to provide relief from a final judgment in certain circumstances, including for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But a district court may only grant relief from judgment under Rule 60(b) in exceptional circumstances. *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). On appeal, we review the district court's denial of a Rule 60(b) motion for an abuse of discretion, meaning that we will only reverse if the district court's decision was based on a legal or factual error or was otherwise arbitrary or unreasonable. *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000).

Robinson's brief fails to distinguish between the district court's original dismissal order and its Rule 60(b) order. Indeed, though he disputes the correctness of the district court's original order and rehashes the arguments and allegations in his complaint, he fails entirely to challenge any portion of the district court's Rule 60(b) ruling. While we are mindful of Robinson's pro se status, we cannot overlook his failure to engage with the reasoning in the district court's Rule 60(b) ruling. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) ("[W]e affirm the district court's dismissal of [plaintiff's] claim because [plaintiff's] opening brief contains nary a word to challenge the basis of the dismissal . . . ."); *Garrett*, 425 F.3d at 840–41 (explaining that pro se appellants, like all other appellants, must state contentions of error and supporting arguments). Accordingly, we affirm the district court's order denying Robinson's motion for relief from judgment.

Finally, we grant Robinson's motion seeking to proceed IFP in this court.


Entered for the Court


Nancy L. Moritz
Circuit Judge