NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIMOTHY R. PETROZZI,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1041

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01332-AOB, Judge Armando O. Bonilla.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Timothy R. Petrozzi appeals from the final judgment of the United States Court of Federal Claims dismissing his complaint.  Mr. Petrozzi moves for leave to proceed *in forma pauperis*, ECF No. 2, and appointment of counsel, ECF No. 7.  The United States moves to summarily affirm. ECF No. 5.  Mr. Petrozzi responds.  ECF Nos. 8, 10, and 13.

In 2018, as part of criminal proceedings brought by the State of Washington, Mr. Petrozzi was the subject of a competency restoration order and an involuntary medication order.[1] He eventually pled guilty and was sentenced to 12 months in state prison. After his release, Mr. Petrozzi filed several unsuccessful lawsuits in federal district court challenging those proceedings, alleging genocide, conspiracy, and violation of constitutional and civil rights.[2]

Following those proceedings, Mr. Petrozzi filed this suit in the United States Court of Federal Claims, naming as defendants the United States, the President, several United States agencies, the Washington state senate and governor, and the United States Court of Appeals for the Ninth Circuit. The sprawling complaint alleges, among other things, "medical" and "legal malpractice" based on involuntary medication, "trespass," and "negligence," stemming from his criminal proceedings. Complaint at 4–5. And the complaint asserts violations of 42 U.S.C. § 1983, several criminal codes, the First, Second, Fourth, Eighth, Tenth, and Fourteenth Amendments to the U.S. Constitution, and the Due Process Clause of the Fifth Amendment. *Id.* at 22–23.

On September 9, 2024, the Court of Federal Claims granted Mr. Petrozzi leave to proceed *in forma pauperis*, dismissed the complaint for failing "to allege any coherent claims within the jurisdiction of" that court, and certified that any appeal from that dismissal would not be taken in good faith. ECF No. 1-2 at 8–9 (citing 28 U.S.C. § 1915(a)(3)). Mr. Petrozzi nevertheless filed this appeal.

---

[1]    *See In re Petrozzi*, 6 Wash. App. 2d 1016, 2018 WL 5978005, at *1–2 (Wash. Ct. App. Nov. 14, 2018).

[2]    *See Petrozzi v. Inslee*, No. C20-6000BHS, 2021 WL 2012587, at *1 (W.D. Wash. May 20, 2021) (noting the filing of 77 such complaints).

The United States now moves to summarily affirm, arguing that the trial court's jurisdictional decision is clearly correct. Mr. Petrozzi's response reiterates his arguments that the involuntary "administration of medications" while he was in "Treatment Facility" was a "Rights Deprivation 18 usc 1983." ECF No. 10 at 1, 3.

Summary affirmance is appropriate because there is no "substantial question regarding the outcome" of the appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted). As relevant here, the jurisdiction of the Court of Federal Claims is limited to monetary damages claims against the Federal Government that do not sound in tort. 28 U.S.C. § 1491. The trial court was clearly correct that Mr. Petrozzi's allegations fall outside of that limited jurisdiction because they were either not aimed at the United States, sounded in tort, were attempts to collaterally attack other court proceedings,[3] relied on sources of law that could not fairly be interpreted as money

---

[3] *See Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court.").

mandating,[4] or, as to his alleged § 1983 violations, could only be brought in federal district court.[5]

Accordingly,

IT IS ORDERED THAT:

(1) ECF Nos. 2 and 7 are denied.

(2) ECF No. 5 is granted. The judgment of the United States Court of Federal Claims is summarily affirmed.

(3) Each side shall bear its own costs.

FOR THE COURT



January 10, 2025
        Date

Jarrett B. Perlow
Clerk of Court

---

[4] *See United States v. Connolly*, 716 F.2d 882, 886–87 (Fed. Cir. 1983) (First and Fifth Amendment Due Process); *Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997) (Fourth Amendment); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); *Patterson v. United States*, 218 F. App'x 987, 988 (Fed. Cir. 2007) (Tenth Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment).

[5] *See* 28 U.S.C. § 1343 (providing district courts with jurisdiction over claims alleging civil rights violation); *see also Coleman v. United States*, 635 F. App'x 875, 877–78 (Fed. Cir. 2015) ("The Court of Federal Claims cannot hear Coleman's claim under 42 U.S.C. § 1983.").